UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAUTAM CHAPAGAIN<br>(A-Number: 245-816-567),<br><br>          Petitioner,<br><br>    v.<br><br>TONYA ANDREWS, Warden of the<br>Golden State Annex; TODD LYONS,<br>Acting Director of United States<br>Immigration and Customs Enforcement;<br>MARKWAYNE MULLIN, Secretary of the<br>United States Department of Homeland<br>Security; TODD BLANCHE, Acting<br>Attorney General of the United States,<br>acting in their official capacities,<br><br>          Respondents. | No.  1:26-cv-03517-KES-EPG (HC)<br><br>ORDER GRANTING PETITION FOR WRIT<br>OF HABEAS CORPUS AND REQUIRING<br>IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Gautam Chapagain is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim two of the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

1

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 5. Respondents filed an opposition eight days after the Court-ordered deadline and state that "[t]his case is not substantively distinguishable from the Court's prior precedent." Doc. 10 at 1. While respondents oppose the petition, they do not raise any new arguments. *See id.* at 1–4.[1]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to release petitioner Gautam Chapagain (A-Number: 245-816-567) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

---

[1] Respondents' opposition states that petitioner was re-detained after an "encounter with law enforcement," but there is no evidence of any such encounter other than ICE's re-detention of petitioner when he appeared at the Dallas Field Office. The ICE record attached to respondents' filing confirms petitioner has no criminal history and that ICE re-detained petitioner "during routine Non-Detained Lobby duties at the Dallas Field Office." *See* Doc. 10-2 at 3.

[2] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:   May 20, 2026  

_____
UNITED STATES DISTRICT JUDGE